IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JAMES D. NAFUS,<br><br>    Plaintiff,<br><br>vs.<br><br>KEY BANK,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DISMISSING CASE<br><br><br><br>Case No. 2:08-CV-838 TS |

Plaintiff brings a § 1983 claim against defendant Key Bank for "mental anguish." The basis of his claim are his allegations that the Bank unfairly charged his now-closed account with overdrafts and reported those outstanding charges on a system called Chexsystem. According to Plaintiff's allegations, this report of his outstanding overdraft charges is responsible for him being unable to open an account at a new bank. He further alleges that his inability to open a new account has created many difficulties in his life. He also alleges the Bank made mistakes regarding the overdrafts and its employees are unsympathetic and refuse to listen to him.

Plaintiff is proceeding pro se and in forma pauperis. Pursuant to 28 U.S.C. § 1915(e)(2), when a plaintiff is proceeding in forma pauperis "the court shall dismiss the

case at any if the court determines that— the action . . . is frivolous" or "fails to state a claim on which relief may be granted."[1]  The Tenth Circuit Court of Appeals explained the standard to be used to review in forma pauperis complaints in *Kay v. Bemis*:[2]

> "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."[3]
>
> We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. . . . In the Rule 12(b)(6) context, "[w]e look for plausibility in th[e] complaint."  In particular, we "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  Rather than adjudging whether a claim is "improbable," "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level."[4]

The Court turns first to Plaintiff's Motion to Appoint an Attorney.  The Court has discretion under § 1915(e)[5] to request that counsel represent an indigent party in a civil case.  "There is no constitutional right to appointed counsel in a civil case."[6]  The applicant

---

[1] 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

[2] 500 F.3d 1214 (10th Cir. 2007).

[3] *Id.* at 1217-18 (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) and *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)).

[4] *Id.* (quoting *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 and n.2 (10th Cir. 2007) and *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)).

[5] 28 U.S.C. § 1915(e)(1).

[6] *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989).

has the burden of convincing the Court of circumstances warranting such a request for counsel.[7]  The Tenth Circuit has stated that the factors to be carefully considered on the issue of requesting representation in a civil case include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[8]

Having considered these factors, the Court finds the nature of the factual issues raised in the claim are not difficult.  Plaintiff has stated the facts and the background.  The facts are not complex.  A claim against a bank that it allegedly treated its customer unfairly and was unsympathetic does not raise complex legal issues.  Thus, it appears Plaintiff is able to present his claims.  The Court discusses the merits of the claim below. Because Plaintiff is able to present his claim, the Court finds that he has not shown that counsel should be appointed for him.

The Court next reviews the Complaint under § 1915(e)(2)(B)(ii).  This civil rights Complaint is brought under 42 U.S.C. § 1983. "Plaintiffs alleging a violation of § 1983 must demonstrate they have been deprived of a right secured by the Constitution and the laws of the United States, and that the defendants deprived them of this right acting under color of law."[9]

---

[7] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

[8] *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese,* 926 F.2d 994, 996 (10th Cir.1991)).

[9] *Jenkins v. Currier*, 514 F.3d 1030, 1033 (10th Cir. 2008).

>This statute provides a private cause of action against "[e]very person who, under color of any statute . . . of *any* State or Territory or the District of Columbia . . . subjects or causes to be subjected any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. As the text itself makes clear, this statute imposes liability only for actions taken under state law.[10]

The following "two-part test is used to determine whether the conduct was under the color of state law:

>First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible . . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the state.[11]

Construing the Complaint liberally, it does not allege a cause of action upon which relief can be granted. Assuming all of Plaintiff's factual allegations to be true, he does not allege any facts showing (1) any deprivation of a federal right or (2) that the Bank or its employees acted under color of state law. Having carefully reviewed Plaintiff's factual allegations, the Court finds that they do not allege any act that would constitute a deprivation of a civil right. Further, Plaintiff acknowledges that the Bank was not acting under color of state law.[12] Thus, the Complaint fails to state a claim under § 1983.

---

[10] *Smith v. Kitchen*, 1997 WL 768297, 2 (10th Cir. Dec. 12, 1997) (unpublished opinion) (quoting § 1983, emphasis in original).

[11] *Johnson v. Rodrigues*, 293 F.3d 1196, 1202 (10th Cir. 2002) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)).

[12] Complaint, at 2 (answering "no" to preprinted question "was the defendant acting under the authority or color of state law at the time these claims occurred").

4

A *pro se* plaintiff "whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint."[13]  While "*pro se* litigants are to be given reasonable opportunity to remedy the defects in their pleadings,"[14] the Court should dismiss the claim where it is obvious that he cannot prevail on the facts he has alleged, and "it would be futile to give him an opportunity to amend."[15]

Because Plaintiff acknowledges that the defendant Bank was not operating under color of state law and also does not allege any violation of a federally protected right, the Court finds Plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.  It is therefore

ORDERED that Plaintiff's Motion for Appointment of Counsel (Docket No. 4) is DENIED.  It is further

ORDERED that Plaintiff's Motion for Official Service of Process (Docket No. 5) is DENIED AS MOOT.  It is further

---

[13]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[14]*Id.* at 1110 n. 3.

[15]*Perkins v. Kan. Dept. of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Complaint is DISMISSED for the failure to state a claim.

The clerk of court is directed to close this case.

DATED   December 4, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge